UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X          10 cv 2851
DOMINIQUE T BAILEY and DANIQUE LOVE-BILLY          Judge Rakoff
                             Plaintiffs,          **AMENDED COMPLAINT**

    -against-

NEW YORK CITY,
POLICE OFFICER BRIAN GARAY OF PSA-6,
POLICE OFFICER SANTIAGO OF PSA-6,
POLICE OFFICER TANYA BROOKS, SHIELD # 9623, PSA-6,
SERGEANT JOSE FRIAS SHIELD # 3575, PSA-6,
POLICE OFFICER EDWIN AGUILAR, SHIELD # 17601, PSA-6,
POLICE OFFICER SEAN HENRY, SHIELD # 24905, PSA-6
AND UNIDENTIFIED POLICE OFFICERS,          **JURY TRIAL DEMANDED**

                             Defendant(s).
------------------------------------------------------------X



     The plaintiffs, complaining of the defendants, by their attorney, FRED LICHTMACHER,

ESQ., respectfully show to this Court and allege:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom or usage of rights, privileges and immunities secured to plaintiffs by the Fourth and

Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as

well as pursuant to the common law of the State of New York.

3     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (a) (3 & 4).

4     That plaintiffs' state law claims are properly before this Court pursuant to 28 U.S.C. §

1367.

5     Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

6       A Notice of Claim as to plaintiffs was served on the Comptroller of the City of New York, on or about January 22, 2010.

7       50-H hearings have been conducted as to plaintiffs on June 22, 2010, however, plaintiffs' demand for payment has not yet been addressed by the defendants.

8       More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

9       The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiffs and the federal claims are brought in a timely manner within three years of the date they accrued.

## PARTIES

10      That the plaintiff, DOMINIQUE T BAILEY, is an African-American male under twenty years of age and he is a resident of the County, City and State of New York.

11      That the plaintiff, DANIQUE LOVE-BILLY, is an African-American female under twenty years of age and she is a resident of the County, City and State of New York.

12      Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants, POLICE OFFICER BRIAN GARAY OF PSA-6, POLICE OFFICER SANTIAGO OF PSA-6, POLICE OFFICER TANYA BROOKS, SHIELD # 9623, PSA-6, SERGEANT JOSE FRIAS SHIELD # 3575, PSA-6, POLICE OFFICER EDWIN AGUILAR, SHIELD # 17601, PSA-6, POLICE OFFICER SEAN HENRY, SHIELD # 24905, PSA-6 and Unidentified New York City Police Officers were acting for, upon, and in furtherance of the business of their employer and within

the scope of their employment.

13      Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICER BRIAN GARAY OF PSA-6, POLICE OFFICER SANTIAGO OF PSA-6, POLICE OFFICER TANYA BROOKS, SHIELD # 9623, PSA-6, SERGEANT JOSE FRIAS SHIELD # 3575, PSA-6, POLICE OFFICER EDWIN AGUILAR, SHIELD # 17601, PSA-6, POLICE OFFICER SEAN HENRY, SHIELD # 24905, PSA-6 and Unidentified New York City Police Officers were all employed by the defendant, NYC, as members of its police department.

14      Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

15      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

16      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

17      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

18      Defendant NYC is vicariously liable to the plaintiffs for the individual defendants' common law torts by reason of *respondeat superior*.

19    New York CPLR § 1601 does not apply pursuant to the exception set forth in CPLR § 1602(1)(b).

## STATEMENT OF FACTS

20    On January 1, 2010 in the early morning hours in the lobby of 75 LaSalle Street New York NY, Bailey witnessed a friend being physically abused by members of the NYPD and he asked them to stop.

21    In response, the defendants grabbed Bailey and while he was being held, one of them punched him in the face and the officers brought him to the ground where he was handcuffed.

22    Bailey indicated to defendant Police Officer Santiago that the handcuffs were too tight and he asked him and other officers to loosen them, but they refused to do so.

23    After he was handcuffed, officer Santiago bent Bailey's left hand upwards maliciously and painfully causing Bailey's wrist to be be injured.

24    Bailey asked Santiago to stop bending his wrist upwards but he initially refused to do so.

25    Bailey was placed in a police car and driven to the 26th precinct.

26    Bailey was released without going into the precinct and he was issued a summons for the false charge of disorderly conduct.

27    After being released, Bailey went to St Luke's Roosevelt Hospital where he was treated for the punch to his face and the injury to his wrist.

28    Bailey was forced to appear in court on March 3, 2010 where he pled not guilty to the false charge and trial was scheduled for April 7, 2010.

29    On or about March 26, 2010 prior to the April 7, 2010 court date, the court dismissed the false charge *sua sponte*.

30      Shortly after Bailey was arrested, Danique Love-Billy was in the lobby and she was struck and went to the ground.

31      While she was on the ground, defendants Unidentified Police Officers struck her with a baton on her right side, in the back, in the arm and on her right knee despite the fact that she was laying on the ground merely trying to protect her face.

32      Love-Billy was taken to the hospital complaining of pain to her right arm and her lower back, and not being able to walk without assistance, where she was given a sling to wear for over two weeks.

33      Love-Billy was not arrested nor was a summons issued to her.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
## VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE
## AS WELL AS OVERLY TIGHTENED HANDCUFFS

34      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

35      That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were unlawfully subjected to excessive and unreasonable force, by the defendants.

36      That the uses of force employed by the defendants were taken without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiffs' consent, with malice,

gratuitously and with an intent to inflict pain and suffering.

37      That several Unidentified Police Officers who did not use force on the plaintiffs, are liable to the plaintiffs via their failure to intervene to prevent the unnecessary and malicious uses of force to which plaintiffs were subjected.

38      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

39      That several acts by the defendants including but not limited to the punch to Bailey, the baton hits to Billy the overly tightened handcuffing of Bailey and refusing to loosen the handcuffs as well as the painful bending of Bailey's hand upwards all constituted acts of excessive force against the plaintiffs.

40      That by reason of the unlawful use of excessive, unnecessary and unreasonable force, the plaintiffs were harmed physically requiring plaintiffs to receive medical treatment, plaintiffs incurred medical bills, they were subjected to physical pain, humiliation, embarrassment, anxiety, and that they were subjected to various other physical and emotional harms, they were pecuniarily harmed, they suffered with loss of bodily function and that they were otherwise harmed.

41      That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each, plaintiffs are entitled to awards of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
NEW YORK STATE LAW
VIA BATTERY**

42   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43   That the plaintiffs' rights have been violated pursuant to the common law of the state of New York via being subjected to a battery by the defendants.

44   That the acts of force used against the plaintiffs were employed by defendants without authority of law and without the necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiffs' consent, with malice, gratuitously and with an intent to inflict pain and suffering.

45   That several acts by the defendants, including but not limited to the punch to Bailey's face, battering Billy as she lay on the ground, the overly tightened handcuffing of Bailey, refusing to loosen Bailey's handcuffs as well as the painful, unnecessary and sadistic bending of Bailey's hand upwards, all constituted acts of battery against the plaintiffs.

46   As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges pursuant to the common law of the State of New York.

47   That by reason of the unlawful battery, the plaintiffs were harmed physically, requiring plaintiffs to receive medical treatment, plaintiffs incurred medical bills, they were subjected to physical pain, humiliation, embarrassment, anxiety, and that they were subjected to various other physical and emotional harms, they were pecuniarily harmed, they suffered with loss of bodily function and that they were otherwise harmed.

48   That by reason of the aforesaid, the plaintiff s have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each and plaintiffs are entitled to awards of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
## NEW YORK STATE LAW
## VIA ASSAULT

49  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

50  That the plaintiffs' rights have been violated under the common law of the state of New York via being subjected to an assault by the defendants.

51  That on the aforementioned date, time and place the defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York law.

52  That by reason of the aforesaid acts, committed by the defendants, plaintiffs suffered and continue to suffer emotional injuries and that they were otherwise damaged.

53  That by reason of the aforesaid the plaintiffs have been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS each and they are entitled to awards of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## NEW YORK STATE TORT CLAIM
## NEGLIGENT HIRING, TRAINING and RETAINING

54  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein

55  That the defendant, NYC, was negligent, careless, reckless and deliberately indifferent in

hiring, retaining, improperly training and supervising, as and for its employees, the defendants in that the said defendants lacked the experience, deportment, ability and temperament to be employed by NYC, in that the defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as an employee of NYC; failing to investigate the above-named defendants' backgrounds and in that NYC hired and retained as employees of the NYPD individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed as members of the NYPD.

56     That the defendant, NYC failed to train its employees to control their tempers and exercise the proper deportment and temperament; to use force prudently and only when necessary, and to otherwise act as reasonably prudent police officers; and in that NYC failed to give its employees proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the defendant, NYC, its agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

57     That the aforesaid occurrences and resulting injuries to mind, body, loss of liberty and pecuniary harms therefrom, were caused wholly and solely by reason of the negligence of the defendant NYC, its agents, servants and employees without any negligence on the part of the plaintiff.

58     That by reason of the aforesaid, the plaintiffs were harmed physically requiring them to receive medical treatment, plaintiffs were subjected to physical pain, loss of bodily function humiliation, embarrassment, anxiety, they were subjected to various physical and emotional harms, Bailey was deprived of his freedom and forced to appear in court, both plaintiffs were

pecuniarily harmed and they were otherwise harmed.

59   That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF BAILEY ONLY
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
### FALSE ARREST

60.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

61.   Bailey's rights were violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by reason of the fact that he was falsely arrested by the defendants.

62.   Bailey was confined by defendants, defendants intended to confine Bailey, Bailey was conscious of his confinement and Bailey did not consent to the confinement which was not otherwise privileged.

63.   As a direct consequence of defendants' actions, Bailey was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

64.   The false arrest was caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that Bailey was in fact guilty of crimes.

65.   Defendants who were aware of the false arrest and permitted the illegal detention to continue, are liable to Bailey by virtue of their failure to act pursuant to their affirmative duty to intervene.

66.     By reason of the foregoing Bailey was subjected to pecuniary harms, he was subjected to great indignities, humiliation and anxiety, he was prevented from conducting his normal affairs of business and he was otherwise harmed.

67.     By reason of the foregoing, Bailey has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, he is entitled to an award of punitive damages; and an award of attorneys' fees pursuant to 42 U.S.C. § 1988 is appropriate.

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF BAILEY ONLY
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
THE COMMON LAW OF THE STATE OF NEW YORK
via FALSE IMPRISONMENT**

68.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

69.     Bailey's rights were violated pursuant to the common law of the State of New York, by reason of the fact that he was falsely imprisoned by the defendants.

70.     Bailey was confined by defendants; defendants intended to confine Bailey, Bailey was conscious of his confinement and Bailey did not consent to the confinement which was not otherwise privileged.

71.     As a direct consequence of defendants' actions, Bailey was deprived of rights, privileges and immunities pursuant to the common law of the State of New York and more particularly, his right to be free from arrest without probable cause.

72.     The false imprisonment was caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that Bailey was in fact guilty of crimes.

73.     By reason of the foregoing, Bailey has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and he is entitled to an award of punitive damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF BAILEY ONLY
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 and THE FOURTH AMENDMENT
MALICIOUS PROSECUTION**

74.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

75.     Bailey's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

76     That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

77     That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to appear in court and he was subjected to numerous other harms.

78     That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

79    That by reason of the aforesaid, Bailey has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS (each) plaintiffs are entitled to awards of punitive damages, and that an award of reasonable attorney's fees is appropriate pursuant to 42 U.S.C. §1988 on the First Cause of Action; in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS (each) plus punitive damages on the Second Cause of Action; in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS (each) plus punitive damages on the Third Cause of Action; in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS (each) on the Fourth Cause of Action; in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for Bailey only plus punitive damages and that an award of reasonable attorney's fees is appropriate pursuant to 42 U.S.C. §1988 on the Fifth Cause of Action; in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for Bailey only plus punitive damages on the Sixth Cause of Action; and in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS for Bailey only an award of punitive damages, and that an award of reasonable attorney's fees is appropriate pursuant to 42 U.S.C. §1988 on the Seventh Cause of Action along with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: July 23, 2010
      New York, New York

                                        / s /
                           FRED LICHTMACHER (FL-5341)
                           Attorney for Plaintiffs
                           The Empire State Building
                           350 5th Avenue Suite 7116
                           New York, New York 10118
                           (212) 922-9066

To:    Afsaan Saleem
        Assistant Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007